UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KIM BLANDINO,<br><br>   Plaintiff<br><br>   v.<br><br>DREW CROSS,<br><br>   Defendants | Case No. 3:20-cv-00191-APG-WGC<br><br>ORDER |

**I.   DISCUSSION**

According to the Clark County Detention Center ("CCDC") inmate database, Plaintiff is no longer in custody there. However, Plaintiff has not filed an updated address with this Court.[1]  The Court notes that pursuant to Nevada Local Rule of Practice IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Nev. Loc. R. IA 3-1.  This Court grants Plaintiff thirty (30) days from the date of entry of this order to confirm his address or file his updated address with this Court.  If Plaintiff does not update the Court with his current address or confirm his current address within thirty (30) days from the date of entry of this order, this case will be subject to dismissal without prejudice.

///

---

[1] When Plaintiff last filed a notice of change of address, he included not only his own address at CCDC, but the address of "stand by counsel." (ECF No. 11.)  The Court notes that no counsel has made any notice of appearance in this case.  If counsel is representing Plaintiff in this civil action, then counsel must make a notice of appearance. If there is no counsel representing Plaintiff in this action, but Plaintiff intends to make counsel's address his address of record with this Court even though he no longer is incarcerated, then he should obtain that counsel's permission to use that address and must inform the Court that this attorney's address shall be used as Plaintiff's official address.  If Plaintiff is not represented by counsel, he will be responsible for responding to all orders and other documents sent to the address he provides to the Court.

Additionally, Plaintiff has neither paid the filing fee for this case nor filed an application to proceed *in forma pauperis*. A plaintiff seeking to pursue a civil action in this Court must either pay the filing fee or submit and have the Court approve an application to proceed *in forma pauperis* on this Court's approved form. Because it appears that Plaintiff is not currently in custody, the Court directs Plaintiff to file an application to proceed *in forma pauperis* by a non-prisoner or pay the full filing fee of $400 within thirty (30) days from the date of this order.

## II.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff will update or confirm his current address with the Court within **thirty (30) days** from the date of this order.

IT IS FURTHER ORDERED that within **thirty (30) days** from the date of this order, Plaintiff will either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $400.

IT IS FURTHER ORDERED that the Clerk of the Court WILL SEND Plaintiff the approved form application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this order, this case will be subject to dismissal without prejudice.

The Clerk of the Court is directed to send a copy of this order to Plaintiff's current address of record and to the address of "stand by counsel" previously provided by Plaintiff (ECF No. 11).

DATED: February 1, 2021.

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE