UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KIM BLANDINO,<br><br>  Plaintiff<br><br>  v.<br><br>DREW CROSS,<br><br>  Defendants | Case No. 3:20-cv-00191-APG-WGC<br><br>ORDER |

This is a pro se civil rights action. When plaintiff Kim Blandino filed his complaint in this case, he was instructed to immediately file written notification of any change of address, including in situations such as moving to a different institution or being released on parole. ECF No. 2. On February 1, 2021, the court ordered Blandino to confirm his address with the court as it appeared that he no longer was living at the address on file with the court, which is the address for the Clark County Detention Center (CCDC). ECF No. 12. In that order, the court noted that pursuant to Nevada Local Rule of Practice IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." *Id.*

In response to that February 1, 2021 order, Blandino has not provided the court with a new mailing address. He acknowledges that he is now on house arrest rather than living at the CCDC facility located at 330 South Casino Center Blvd in Las Vegas, but he states that he is still in the "custody" of CCDC and that the court therefore should order Sheriff Joe Lombardo or people employed at CCDC to manage and deliver to him his mail. ECF No. 14. Blandino has provided no explanation for why he cannot provide a legal mailing address for where he is currently living, a post office box address, or another address to receive his mail. Under these circumstances, regardless of whether Blandino is legally considered to be in "custody," I will not order anyone to

serve as Blandino's mail manager and deliver mail to him.[1]

Blandino asks the court to take judicial notice of various matters. ECF No. 16. "Judicial notice" is a term of legal art, and it does not mean that a litigant simply wants to tell a court something or wants a court to accept the truth of a claim or allegation. Federal Rule of Evidence 201 permits the court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute" because it is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1), (2); *accord U.S. v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994). For example, a party could ask the court to take judicial notice that Christmas Day in 2019 fell on a Wednesday. I take judicial notice that Blandino filed a complaint in 2:20-cv-1337-GMN-NJK. However, Blandino has not requested judicial notice of any other matters that are directly relevant to the issues currently before the court in his motions and that may be the subject of judicial notice. I therefore deny any other motions for judicial notice.

The February 1, 2021 order required Blandino to file an application to proceed in *forma pauperis* or pay the full filing fee of $400 within 30 days from the date of that order. ECF No. 12. It appears that Blandino is seeking an extension of time to do so because he wishes to consolidate this case with 2:20-cv-1337-GMN-NJK. Under Rule 42(a) of the Federal Rules of Civil Procedure, if actions before the court involve a common question of law or fact, the court may consolidate the actions. If the court determines that common questions are present it must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result. *Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984). Whether actions should be consolidated under Rule 42(a) is a matter within the trial court's discretion. *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.,* 877 F.2d 777 (9th Cir. 1989). Rule 42 does not permit the court to consolidate actions merely because they have common parties. Because Blandino's complaints in the two cases do not have common questions

---

[1] Furthermore, I advise Blandino that, under these circumstances, if he insists on designating a mailing address knowing that it is likely that he will not receive his mail, this will not be sufficient to excuse any failure by him to comply with and respond to orders from this court.

of law or fact, consolidation is not appropriate.  I will not consolidate the two cases.

Furthermore, Blandino filed his complaint in this action many months ago and still has not paid the filing fee or provided evidence that he is entitled to *in forma pauperis* status.  He may not proceed in this action unless and until he does so.  Therefore, if Blandino does not comply with the court's order to pay the filing fee or file an application to proceed *in forma pauperis* by March 3, 2021, I will dismiss this action.  **The court will <u>not</u> take any further action in this case unless and until Blandino timely complies with this requirement**.

I therefore order that, to the extent Blandino is moving for an extension of time to meet court deadlines in this case (ECF No. 15), the motion is denied.

I further order that Blandino must either: (1) file a fully complete application to proceed *in forma pauperis* or (2) pay the full filing fee of $400 by March 3, 2021, and this case will be subject to dismissal without prejudice if he fails to timely comply with this order.

I further order that the motion for an order requiring Joe Lombardo or persons at CCDC to manage and deliver Blandino's mail while he is on house arrest (ECF No. 14) is denied.

I further order that I take judicial notice that Plaintiff initiated an action in 2:20-cv-1337-GMN-NJK.

I further order that any remaining requests for judicial notice (ECF No. 16) are denied.

I further order that, to the extent Blandino is moving to consolidate this case with 2:20-cv-1337-GMN-NJK and is moving for any order from me concerning that case, such motions are denied.

I further order that any remaining motions in ECF Nos. 13, 14, and 15 are denied without prejudice.  The court will not take any further action in this case unless and until Blandino timely complies with the requirements concerning feel payment.

DATED THIS 12th day of February, 2021.

_____
UNITED STATES DISTRICT JUDGE