UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KIM BLANDINO, | Case No. 3:20-cv-00191-APG-WGC |
| Plaintiff, | ORDER |
| v. | |
| DREW CROSS, et. al, | |
| Defendants. | |

This action is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983. The court previously ordered plaintiff Kim Blandino to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 by March 3, 2021. ECF Nos. 12, 18. Blandino has not filed an application to proceed *in forma pauperis* for non-prisoners or paid the full filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal.  The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  Blandino was expressly warned that if he failed to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee by March 3, 2021, this action would be subject to dismissal without prejudice. ECF No. 12 at 1-2; ECF No. 18 at 3. Thus, Blandino had adequate warning that dismissal would result from his failure to comply.

I therefore order that this action is dismissed without prejudice based on plaintiff Kim Blandino's failure to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee in compliance with this court's orders.  If Blandino wishes to pursue any claims, he must file a complaint in a new action with the required fee or application to proceed *in forma pauperis* for non-prisoners.

I further order the Clerk of Court to enter judgment accordingly and close this case.  **No other documents shall be filed in this closed case**.

DATED THIS 8th day of March, 2021.

_____
UNITED STATES DISTRICT JUDGE

3